UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IN THE MATTER OF THE ARBITRATION        :
                                        :
            between                     :
                                        :
THE NEW YORK CITY DISTRICT COUNCIL OF   :    10 Civ. 5180 (DLC)
CARPENTERS PENSION FUND, et al.,        :
                     Petitioners,       :    MEMORANDUM
                                        :    OPINION & ORDER
            -v-                         :
                                        :
JOY CONTRACTORS INC.,                   :
                     Respondent.        :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

       Petitioners Frank Spencer and Paul O'Brien, as trustees for

the New York City District Council of Carpenters Pension Fund

and related funds ("Carpenters Funds"), have filed this petition

for confirmation of an arbitration award and for attorney's fees

and costs.  Respondent Joy Contractors Inc. ("Joy") has not

opposed the petition or otherwise appeared in this action.  For

the following reasons, the petition is granted.


BACKGROUND

       The Carpenters Funds are employee welfare benefit plans

under the Employee Retirement Income Security Act of 1974, 29

U.S.C. § 1001 et seq ("ERISA").  The New York City and Vicinity

United Brotherhood of Carpenters and Joiners of America

("UBCJA"), a labor union, and the New York City and Vicinity

Carpenters Labor-Management Corporation, a not-for-profit corporation, also join the Carpenters Funds as petitioners in this action.  Joy, an employer within the meaning given by ERISA, 29 U.S.C. § 1002, is bound by a written collective bargaining agreement ("CBA") between the UBCJA and the Cement League, a trade association serving as a bargaining agent for Joy.  The CBA obligates Joy "to make contributions for each hour worked of all employees covered by this Agreement and employed by said Employer within the territory of this Agreement" to the various Carpenters Funds.  Under the CBA, "[e]ach Employer's books and payroll records, shall be made available upon demand of the Trustees at all reasonable business hours" for the purpose of conducting an audit of the payments made to the Carpenters Funds.  Failure to furnish such records to verify any delinquency in contributions is a violation of the CBA.  The CBA provides that any disputes concerning the application, interpretation, or breach of any provision of the CBA shall be submitted to arbitration before designated arbitrators if not first resolved by settlement.

In accordance with the CBA, the Carpenters Funds requested access to Joy's pertinent books and records to conduct an audit. Joy did not comply.  On April 12, 2010, the Carpenters Funds filed a Notice of Intention to Arbitrate seeking to compel Joy to make available to the Carpenters Funds' auditor its books and

records for the period April 9, 2008 to March 30, 2010.  On
April 19, 2010, arbitrator Roger E. Maher sent a Notice of
Hearing to the Carpenters Funds and to Joy notifying them of a
May 19, 2010 hearing date.

Counsel for the Carpenters Funds, but not counsel for Joy,
appeared at the time and place designated by the Notice of
Hearing.  The Carpenters Funds presented evidence and witness
testimony, after which the arbitrator concluded that Joy's
actions in denying the Carpenters Funds' auditor access to
pertinent books and records violated the CBA.  Based on that
finding, on May 22, 2010 the arbitrator entered a written award
ordering Joy to produce "any and all books and records[,]
specifically [the] cash disbursement section of the cash book,
general ledger, job location records, daily location records,
daily time records and all certified payrolls" for the period
April 9, 2008 to March 30, 2010.  The arbitrator also ordered
Joy to pay to the UBCJA two thousand three hundred fifty dollars
($2,350.00) with interest accruing from the date of the award.
That amount represented court costs and attorney's and
arbitrator's fees.  A copy of the award was sent to Joy via
regular and certified mail.  The Carpenters Funds have demanded
that Joy comply with the award, but Joy has failed to pay or to
produce the specified records.

On July 7, 2010, petitioners filed this petition to confirm the arbitration award and also requested costs and legal fees incurred in bringing this action.  Joy did not file any opposition and has not appeared in this action.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).  Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In making this determination, the court must "construe all evidence in the light most favorable to the

4

nonmoving party, drawing all inferences and resolving all
ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d
732, 740 (2d Cir. 2010).  Once the moving party has asserted
facts showing that the non-movant's claims cannot be sustained,
the opposing party must "set out specific facts showing a
genuine issue for trial," and cannot "rely merely on allegations
or denials" contained in the pleadings.  Fed. R. Civ. P. 56(e);
see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "A
party may not rely on mere speculation or conjecture as to the
true nature of the facts to overcome a motion for summary
judgment," as "[m]ere conclusory allegations or denials cannot
by themselves create a genuine issue of material fact where none
would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d
Cir. 2010) (citation omitted).  Only disputes over material
facts -- "facts that might affect the outcome of the suit under
the governing law" -- will properly preclude the entry of
summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 248 (1986); see also Matsushita Elec. Indus. Co., Ltd. v.
Zenith Radio Corp., 475 U.S. 574, 586 (1986).

    "Normally, confirmation of an arbitration award is a
summary proceeding that merely makes what is already a final
arbitration award a judgment of the court, and the court must
grant the award unless the award is vacated, modified, or
corrected." D.H. Blair & Co., 462 F.3d at 110 (citation

omitted).   A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation.  Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"The showing required to avoid summary confirmation of an arbitration award is high," id., and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).  Thus, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle."  Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp., 130 S.Ct. 1758, 1767 (2010).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact.  Joy has not submitted any opposition.  Therefore, the petition to

confirm the arbitration award is granted.  Pursuant to the arbitration award, Joy is ordered to produce any and all records and books necessary to conduct an audit for the period April 9, 2008 to March 30, 2010.

Petitioners also seek attorney's fees for the confirmation proceeding.  They do not point to any statutory or contractual authority for such legal fees, instead relying on the Court's inherent equitable powers.[1]

> Pursuant to its inherent equitable powers, . . . a
> court may award attorney's fees when the opposing
> counsel acts in bad faith, vexatiously, wantonly, or
> for oppressive reasons.  As applied to suits for the
> confirmation and enforcement of arbitration awards,
> . . . when a challenger refuses to abide by an
> arbitrator's decision without justification,
> attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted).  Here, Joy has presented no justification or reason for its failure to abide by the arbitrator's decision.  Accordingly, the request for attorney's fees and costs for the confirmation proceeding is granted in the amount of $1,185.00.

---

[1] The CBA allows the party prevailing in the arbitration to receive reasonable attorney's fees and the costs of litigation. The petitioners have not chosen to rely on this provision in seeking attorney's fees for the confirmation proceeding.

CONCLUSION

For the above reasons, the petition to confirm the arbitration award is granted.  Attorney's fees and costs for the confirmation proceeding in the amount of $1,185 are awarded to petitioners.  The Clerk of Court shall enter judgment for the petitioners and close the case.


SO ORDERED:

Dated:    New York, New York
          October 29, 2010


                                   _____
                                            DENISE COTE
                                   United States District Judge

8